**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3980-19T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DAVID LEE RICHMOND, JR.,
a/k/a JASON WILLIAMS,

    Defendant-Appellant.

_____

Submitted September 22, 2020 – Decided September 30, 2020

Before Judges Fisher and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Warren County, Accusation No. 06-01-0042.

Joseph E. Krakora, Public Defender, attorney for appellant (Karl R. Keys, Deputy Public Defender, of counsel and on the brief).

James L. Pfeiffer, Warren County Prosecutor, attorney for respondent (Dit Mosco, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In 2006, defendant pleaded guilty to third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a), and was sentenced to a three-year prison term and parole supervision for life (PSL). He was paroled in 2007 but reincarcerated in 2019 due to a PSL violation. In May 2020, with the outbreak of the COVID-19 pandemic, defendant moved for relief under Rule 3:21-10(b),[1] claiming his health placed him at a heightened risk of death or grievous physical injury.

The motion judge didn't conduct an evidentiary hearing but did consider all the medical evidence defendant provided, including a late submission revealing he had tested positive for the virus. After considering this evidence and the reasons for defendant's incarceration, Judge H. Matthew Curry denied the motion. In appealing, defendant argues in a single point that the judge erred "in creating [his] own standard to determine whether relief was appropriate" under Rule 3:21-10(b). Recognizing that this rule "must be applied prudently, sparingly[] and cautiously," State v. Priester, 99 N.J. 123, 135 (1985); see also State v. Tumminello, 70 N.J. 187, 192-93 (1976), we conclude Judge Curry did not abuse his discretion and, therefore, affirm.

---

[1] Because we find no merit in this appeal, we need not consider the State's argument that the matter should have been presented to the parole board rather than the trial court.

In seeking relief, defendant was first required to demonstrate a change of circumstances resulting in a severe depreciation of his health since sentence was imposed. Priester, 99 N.J. at 136-37. This factor was met. The Supreme Court recently held that the COVID-19 pandemic establishes the change of circumstances required by Rule 3:21-10(b)(2). See In re Request to Modify Prison Sentences, Expedite Parole Hearings, & Identify Vulnerable Prisoners, 242 N.J. 357, 379 (2020). The judge adhered to the Court's holding.

The judge was then required to weigh other factors, such as

> the nature and severity of the crime for which he [was] imprisoned, his criminal record, the risk that might result to the public by his release, . . . the nature of th[e] illness and the availability of appropriate medical services in prison to adequately treat or cope with that illness.
>
> [State v. Wright, 221 N.J. Super. 123, 127 (App. Div. 1987).]

As for the last of these factors, defendant was required to establish that "medical services unavailable at the prison would be not only beneficial . . . but . . . essential to prevent further deterioration in his health." Priester, 99 N.J. at 135.

In applying this test, as illuminated by Request to Modify Prison Sentences, 242 N.J. at 379 (declaring an inmate must "present evidence of both an 'illness or infirmity' – a physical ailment or weakness – and the increased risk

of harm incarceration poses to that condition"), the judge referred to and accepted the truth of the evidential materials that defendant "is asthmatic, and suffers from hypertension, an acute kidney injury, and seizure disorders," as well as "the effects of glaucoma, and exposure to tuberculosis." The judge also noted that despite defense counsel's urging of a rapid decision, counsel "realized to his 'horror' that he had not submitted the most up-to-date medical records that included a positive diagnosis for COVID-19" that was reported on May 12, 2020. The judge accepted this additional information, which was presented on June 24, 2020, and denied the motion five days later.

In applying the legal authorities cited above, Judge Curry found defendant failed to show he "was continuing to experience significant symptoms, or any symptoms for that matter," or "whether [he] was asymptomatic, or facing any other significant complaints." The judge also concluded there was an absence of evidence to demonstrate whether any symptoms progressed to such "a level [that] the Department of Corrections cannot sustain adequate healthcare treatment." For these and other reasons contained in a thorough thirty-seven-page written decision, the judge concluded defendant failed to make a predicate showing that the nature of his illnesses or medical condition, as well as the deleterious effects of continued incarceration, warranted release. See Wright,

221 N.J. Super. at 130 (rejecting inmate's argument for release because he provided no evidence that confinement would exacerbate his AIDS symptoms).

The judge also properly considered the reasons for defendant's incarceration and whether his release would present a heightened risk for the public. As noted, defendant was convicted and imprisoned in 2006 for endangering the welfare of a child as a result of having sex with a fifteen-year-old girl when defendant was twenty-years old; he was paroled but later reincarcerated for having committed a PSL violation. The judge found that, if released, defendant would remain "unwilling" to stay "at home and comply with PSL [r]egistration requirements, as he has clearly demonstrated an unwillingness to do, which ultimately heightens the risk to the public at large." The factual record supports the judge's conclusion.

In the final analysis, Judge Curry weighed all the evidence presented and properly applied the legal standards described above. We conclude he did not abuse his discretion, and we affirm the order under review substantially for the reasons set forth by Judge Curry in his well-reasoned and thorough written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3980-19T4